[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10230
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20813-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER PEREIRA-FLORES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2010)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Pereira-Flores appeals his 87-month sentence after pleading guilty to

conspiracy to possess with intent to distribute at least 100 kilograms of marijuana

while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(b), and 21 U.S.C. § 960(b)(2)(G). On appeal, Pereira-Flores argues that his sentence is unreasonable because the court did not properly apply the 18 U.S.C. § 3553(a) factors, and because it did not consider mitigating factors. We conclude that his sentence is reasonable, and AFFIRM.

I.

In the early morning of September 9, 2009, United States Coast Guard personnel found an idle thirty-foot boat in international waters with its navigational lights turned off. A man on board, who turned out to be Pereira-Flores, was throwing packages into the water. The recovered packages contained approximately 303 kilograms of marijuana. Another individual on the boat later told authorities that Pereira-Flores was paying him $30,000 for his help smuggling the marijuana into the United States from the Bahamas.

Pereira-Flores pleaded guilty to conspiracy to possess with intent to distribute at least 100 kilograms of marijuana on board a vessel. The probation officer calculated two criminal history points based on Pereira-Flores's two prior convictions: entering Cuban territorial waters with a vessel, and failure to heave a vessel in defiance of an order by a federal law enforcement officer. Pereira-Flores violated the terms of his supervised release for the first offense by committing the

present offense and by not reporting another arrest (for a traffic offense) to his probation officer. He was awaiting sentencing for the failure to heave offense when he was sentenced in this case. The probation officer added two points to Pereira-Flores's criminal history because he was on supervised release when he committed this offense. See United States Sentencing Guidelines § 4A1.1(d) (Nov. 2009). Pereira-Flores was assessed four criminal history points total and a criminal history category of III, and an offense level of 25, which yielded a Guideline range of 70 to 87 months imprisonment.

The district court noted that Pereira-Flores's conduct in this offense was similar to his two previous convictions (presumably because all three involved vessels), and sentenced him to 87 months imprisonment. Pereira-Flores's attorney objected, arguing that his prior convictions had already been factored into his criminal history category, and should not be considered for selecting a sentence. The district court stated that it had actually considered sentencing Pereira-Flores above the Guideline range, given that he has demonstrated a consistent disregard for the laws of the United States since he entered this country. The court specifically mentioned four § 3553(a) factors as influencing the sentence:[1] the

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for

nature and circumstances of this offense, the history and characteristics of Pereira-Flores, the need to promote respect for the law and the need to provide deterrence.

II.

We review Pereira-Flores's sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Our review is deferential; we ask only "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. at 788. While the sentence must be both procedurally and substantively reasonable, see United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009), Pereira-Flores does not identify any procedural error. Thus, we focus our analysis on whether his sentence was substantively reasonable based on the factors he identifies. See United States v. Docampo, 573 F.3d 1091, 1103 (11th Cir. 2009) (limiting our review of reasonableness only to those factors identified by the party challenging the sentence).

Pereira-Flores makes three arguments that his sentence at the top of the Guideline range is not reasonable. First, he claims that the district court impermissibly considered the fact that he committed the offense while on

---

deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

4

supervised release, although this fact was already calculated in his criminal history. Second, he claims that the circumstances of his offense were not particularly heinous because there was no high speed chase and the marijuana was recovered. Pereira-Flores also claims that the district court impermissibly weighed the fact that he had entered the United States illegally, although it appears that the illegality of his entry was never actually established at sentencing, only that he was under removal proceedings.[2]

Although Pereira-Flores says the district court relied on these factors to the exclusion of other factors, he does not identify what factors the court erroneously omitted. He does not, for example, identify any pertinent background characteristics or mitigating facts that would have warranted a sentence at the low end of the Guideline range. The district court is not required to discuss all the factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). It has discretion to give greater weight to any single factor so long as it acknowledges, as the court did here, that it has considered the § 3553(a) factors. Id.; see also United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting that we defer to

---

[2]The record does not reflect, for example, whether the illegality of Pereira-Flores's presence is due to his prior convictions or if he originally entered the country illegally. Although he is under removal proceedings for illegal presence, he has a valid social security card for work authorized by the Department of Homeland Security.

the district court's judgment in weighing the § 3553(a) factors unless it has made a clearly erroneous judgment).

We conclude that the district court had legitimate, articulated reasons for selecting the 87-month sentence. The court considered the § 3553(a) factors, and pointed to specific concerns it had about Pereira-Flores's pattern of criminal behavior in such a short period of time. It was appropriate for the court to consider Pereira-Flores's prior criminal acts in fashioning a sentence, as those acts are relevant to several of the § 3553(a) factors. We have held that a district court may consider facts that have already been accounted for under the Guideline calculation when selecting a sentence based on the § 3553(a) factors. Amedeo, 487 F.3d at 833–34. Furthermore, Pereira-Flores has pointed to no mitigating factors that make his sentence unreasonable. Although the sentence is at the top of the Guideline range, it is far below the forty-year statutory maximum for his offense. See 21 U.S.C. 960(b)(2)(G); see also Gonzalez, 550 F.3d at 1324; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Because Pereira-Flores's 87-month sentence is reasonable, we AFFIRM.